# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1454

ADAN MUNOZ RENOVA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review from the Board of Immigration Appeals
Immigration Judge Patrick J. Ehlers, No. A215-589-495

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 26, 2026; Decided Jan. 28, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Adan Munoz Renova, a Mexican, came to the United States on a nonimmigrant visitor visa in 2003 but never left. In 2018, he allegedly sexually assaulted a drunk colleague and tried to block her from leaving his house. The woman reported the assault to the police. But when she asked to drop the matter, police honored her request.

The U.S. government put Munoz Renova into removal proceedings. He applied to adjust his status to a lawful permanent resident based on his marriage to a U.S. citizen. At a hearing on that application, Munoz Renova denied the sexual assault. The immigration judge found his explanation of the interaction not credible and inconsistent with his own Facebook messages to the victim. His lack of candor, the judge found, outweighed the positive

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

equities, including his long presence in this country, his marriage, and his lack of other criminal history. Exercising his discretion, the judge denied Munoz Renova's application and ordered him removed from the country. The Board of Immigration Appeals affirmed, holding that his hearing had satisfied due process.

Munoz Renova claims that the immigration judge violated the Fifth Amendment by pressing him to admit guilt and then penalizing him for refusing to do so. We review his constitutional claim de novo. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir. 2003). It falters out of the gate. On the stand, he never invoked his privilege against self-incrimination. Even in a criminal case, if a defendant is asked about a crime and fails to plead the Fifth, but instead denies involvement, the factfinder may consider whether the denial was credible. We know of no authority that preemptively bars such questions or inferences when a defendant fails to raise the privilege and testifies, and Munoz Renova cites none. Neither can he stretch the privilege's scope by recasting his argument in due process.

At bottom, Munoz Renova is really challenging the immigration judge's finding him not credible. But we lack jurisdiction to review those credibility findings. *See Patel v. Garland*, 596 U.S. 328, 338–40 (2022); 8 U.S.C. § 1252(a)(2)(B)(i); *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010). We will thus DISMISS the petition for review.